*174
 
 Nash, C. J".
 

 The bill is filed to procure the partition of the tract of land set forth in it. George Faust was the owner of the land; and by his last will, devised the same to his two grand daughters — -Sally Holt, the wife of Thomas Holt — and .Barbara C. — who intermarried with Jno. W. Kirkman. These two females were thus tenants in common of the premises. In 1838, Thomas Holt andhis;wife Sally filed a petition in the Court of Pleas and Quartet Sessions of Guilford county, within which the land lay, against John
 
 W.
 
 Kirkman and his wife Barbara, to procure a partition of the premises. At February Term 1839, commissioners were appointed to divide the land, who made their report to May Term following, which was, by a decree of the Court at the same term, confirmed, and the division ordered to be registered During the pendency of this petition, to wit, in April, 1839¶ Thomas Holt and Sally Holt his wife, sold their undivided moiety of the land to the plaintiff, and in their deed of conveyance they describe it “as their undivided interest, it being one half in the following piece or parcel of land,” &c. — then setting out the metes and bounds of the whole tract. In 1847, John
 
 W.
 
 Kirkman and his wife sold and conveyed all their interest in the said land to the defendant Clapp ; and in describing the premises, they use the same terms and mention-the same boundaries as are contained in the deed to Coble.— In his bill, the plaintiff alleges that he is not bound by the decree of the County Court, for two reasons ; the first, because as ho alleges, he was no party to the proceedings- — and secondly, because the defendant is estopped by his deed from Kirkman and wife to deny that the land was, at the time of his purchase, still undivided. As to the first point, it cannot avail the plaintiff. The decree in the County Court boxuid all parties and privies. The plaintiff by his purchase became a privy in estate with Holt and wife. Nor can he be heard to say he had no notice of the pendency.iof the suit — a
 
 TÁspen-dens
 
 is notiee to all the world — and the plaintiff, upon a proper representation to the Court, might have been made a par
 
 *175
 
 ty of record, after bis purchaso ; and thereby entitle himself to examine testimony, or take an appeal, if dissatisfied with the report of the commissioners. But he cannot, in this way, attack the correctness of the judgment of the County Court: Until reversed by a regular judgment, it imports absolute verity, and cannot be controverted. As to the second ground, there is no estoppel on the defendant to plead the judgment. It is true, that when he received his conveyance from Kirk-man and Ms wife, the land had been duly divided between the parties, and they were seized each of his moiety in severalty — and though the description in the deed is not literally correct, and does not set out the metes and bounds of the moiety — yet the description given does embrace it. How it can estop the defendant to show, by the judgment of the County Court, the partition of the land, we cannot well see.
 

 It is not necessary to decide whether the judgment of the County Court, can now be reversed at the instance of the plaintiff; but unreversed, it is binding on all the parties to it, and their privies.
 

 It appearing then, according to the plaintiff's own showing, that there had been a partition of the land between the tenants in common, under a decree of a Court of competent jurisdiction, the effect of which is claimed and insisted on by the defendant — the plaintiff's bill cannot bo sustained, and must be dismissed with costs.
 

 Decree accordingly.